STATE OF NORTH DAKOTA EX REL. JOHN F. LUHMAN, Appellant, v. J. L. HUGHES as the County Auditor of Stark County, State of North Dakota, Respondent.

(179 N. W. 717.)

**Elections — certificates of primary nomination on a nonpartisan ballot held properly refused by county auditor.**

Where, pursuant to chap. 117, Laws 1919, candidates for a county office have been selected upon a nonpartisan ballot at a primary election, § 501, Rev. Codes 1899 (§ 971a, Comp. Laws 1913), has no application, and certificates of nomination of a person as a candidate for such county office, to be voted on at a general election, were properly refused by the county auditor.

Opinion filed October 19, 1920.

Application for a mandamus in District Court, Stark County, *Crawford, J.*

From an order and judgment quashing the petition and dismissing the action, the relator has appealed.

Affirmed.

*H. C. Berry,* for appellant.

*William Langer,* Attorney General, and *Albert E. Sheets, Jr.,* Assistant Attorney General, for respondent.

PER CURIAM. This is an appeal from an order and a judgment dismissing and refusing to grant a petition for mandamus. The petition presented to the trial court alleged that the relator duly presented to the county auditor of Stark county certificates of his nomination signed by the requisite number of qualified electors in the county, nominating the relator to the office of sheriff of such county. That the relator requested the county auditor to place his name as candidate for such office on the official printed ballot, to be voted at the general election to be held November 2, 1920. That the county auditor refused so to do. In response to an order to show cause issued upon such petition, the county auditor answered and made his return to the effect that he refused to file such certificates of nomination for the reason that he was governed by chap. 117, Laws 1919; that the relator was not a candidate at the June, 1920, primary election, and no petitions nominating him for such office at such primary election had ever been filed. After a hearing, and upon the petition, and the answer of the defendant together with the records and files in the matter, the trial court made its findings, quashing the petition and dismissing the action, pursuant to which judgment was entered. The relator herein has, accordingly, appealed from such order and judgment. The only question concerned in this appeal is the right to be nominated upon an individual petition for the office of sheriff upon the nonpartisan ballot, where the selection of the nominees for such office has been held pursuant to law at a primary election conducted for such purpose. Upon this record there is no showing nor pretense made that such certificates of nomination were presented for the purpose of filling vacancies in the candidate or candidates for the office of sheriff. It will accordingly be presumed that the two candidates who received the highest number of votes at the primary election for such office of sheriff are the candidates whose names will appear on the ballot for the general election to

be held November 2, 1920. The relator asserts the right to become a candidate for such office under § 501, Rev. Codes 1899 (§ 971A, Comp. Laws 1913), which provides for individual nominations.

Chapter 117, Laws 1919, provides for the nonpartisan election of sheriffs as well as other elective county officers. It provides further that at all primary elections there shall be separate ballots which shall be entitled nonpartisan ballots, and the names of all candidates for any of such offices shall be placed thereon without party designation. It further provides that the candidate or candidates receiving the highest number of votes to the extent of double the number of those to be elected to any office, provided there are that many candidates running, shall be duly nominated thereto. That no partisan nominations shall be made for any of such offices. That at the general election there shall be separate ballots, upon which shall be placed the names of all candidates who have been thus nominated, and which shall be entitled "nonpartisan ballots." Clearly this law now effective provides a method for selecting candidates for the office designated, and electing them upon a nonpartisan ballot and without regard to party nominations or party conventions. The method now provided by this law is one for selecting candidates by individual nominations through a primary election, and not through partisan nominations.

Prior to the enactment of chap. 117, Laws 1919, a candidate for the office in question was nominated and elected as a party candidate or as a nonparty candidate upon individual nominations, pursuant to § 501, Rev. Codes 1899. See State ex rel. Hagendorf v. Blaisdell, 20 N. D. 622, 625, 127 N. W. 720; State ex rel. Burtness v. Hall, 37 N. D. 259, 163 N. W. 1057. Section 501, Rev. Codes 1899, accordingly, has no application where the candidates for the office concerned have been selected pursuant to the provisions of chap. 117, Laws 1919. The act is clear and specific in its terms concerning the selection of such candidates, and repeals all other acts or parts of acts in conflict therewith. The order and judgment are affirmed.