[File No. 6941]

L. C. BRODERICK, Appellant, v. THOMAS HALL, Secretary of State of the State of North Dakota, Respondent.

(15 NW(2d) 465)

402

Opinion filed August 28, 1944

*Sullivans, Fleck & Higgins and W. H. Stutsman,* for appellant.

*Alvin C. Strutz,* Attorney General, *P. O. Sathre,* assistant attorney general, for respondent.

PER CURIAM. This is a mandamus proceeding brought by the petitioner Broderick against Thomas Hall, secretary of state, to compel him to certify the name of the petitioner as a nominee for the office of Judge of the District Court of the Sixth Judicial District of this state, to be printed on the ballot to be voted upon at the general election to be held November 7, 1944. The trial court denied the application for mandamus and ordered that the proceeding be dismissed. Judgment was entered accordingly and the petitioner has appealed.

The facts are undisputed and may be stated as follows: The Honorable H. L. Berry, one of the Judges of the Sixth Judicial District in this state, was duly nominated at the primary election, held June 27, 1944, as a candidate upon the No-Party ballot, for the office which he was then holding, namely, for Judge of the Sixth Judicial District of this state at the general election to be held November 7, 1944. The vote cast at such primary election was duly canvassed as prescribed by the laws of this state and the Honorable H. L. Berry was duly found and declared to be nominated for said office by the State Canvassing Board. The said Berry was the only candidate nominated for such office, and hence his was the only name to be printed upon the official ballot to be used at the general election. Subsequent to the issuance of certificate of nomination and on July 16, 1944, the said Berry died. On the 21st day of August, 1944, the petitioner pre-

sented to the secretary of state a petition, pursuant to §§ 971a and 973, 1925 Supplement to the 1913 Comp. Laws, nominating the petitioner Broderick for the office of Judge of the District Court of the Sixth Judicial District and asking that his name be printed on the official ballot to be voted upon at the general election to be held November 7, 1944 as a candidate for the office of Judge of the District Court of the Sixth Judicial District. The petition is concededly in due form and contains the signatures of more than 300 electors within the Sixth Judicial District. The secretary of state submitted the question thus presented to the attorney general and was advised by the attorney general that he was not authorized to accept such petition and certify the name of the petitioner as a nominee to be printed upon the ballot. Thereupon the secretary of state refused to accept and file the petition. The trial court sustained this action and denied the application for mandamus, and dismissed the proceeding.

The judgment appealed from is correct and must be affirmed. Our laws provide that certain officers, including judges of the district court, shall be chosen at the primary election and also at the general election upon a no-party ballot. Laws 1919, chap 117, §§ 909a1–909a5, 1925 Supplement as amended by Laws 1927, chap 135. They provide that:

"In all petitions and affidavits to be filed by or in behalf of candidates for nomination in the primary election to all elective county offices, the office of judge of the supreme and district courts, and the offices of state superintendent of public instruction and county superintendent of schools, no reference shall be made to a party ballot, or to the party affiliation of such candidates." 1925 Supp § 909a1.

"At all primary elections there shall be separate ballots which ballots shall be entitled 'No Party Primary Ballot' and the names of all candidates for any of the said offices shall be placed thereon without party designation and there shall be designated thereon the number of persons each elector is entitled to vote for on each office which shall be the number to be elected to such office at the next succeeding general election." 1925 Supp § 909a2, as amended by chap 135, Laws 1927.

"The candidate or candidates receiving the highest number of votes to the extent of double the number of those to be elected to any office, provided there are that many or more candidates running, shall be

duly nominated thereto. No partisan nomination shall be made for any of the aforementioned offices." 1925 Supp § 909a4.

"At the General Election there shall likewise be a separate ballot upon which shall be placed the names of all candidates who have been nominated as hereinbefore provided, which ballot shall be entitled 'No Party Ballot.' Such ballot shall otherwise be in the same form as hereinbefore specified for the No Party Primary Ballot. This ballot shall be delivered to each Elector. And the candidate, or candidates to the number to be elected for each office receiving the highest number of votes shall be duly elected to such office." 1925 Supp, § 909a5, as amended by chap 135, Laws 1927.

Sections 971a and 973, 1925 Supplement, providing for the nomination of individual candidates by petition, have no application to a nomination for an office upon the no-party ballot at the general election. State ex rel. Luhman v. Hughes, 46 ND 399, 179 NW 717. Those provisions are part of the law relating to the nominations of candidates for offices upon the general election ballot, where the names of the candidates of established political parties are shown in party columns.

It is contended, however, that the death of the nominee, Judge Berry, created a vacancy and that consequently such vacancy may be filled by individual nominations pursuant to the provisions of § 977, Comp. Laws 1913. This statute does not apply to offices, the incumbents of which must be chosen by the no-party ballot. It relates to candidates for offices appearing upon the general election ballot and which may be designated by party affiliation. It clearly does not apply to any office, the incumbent of which is required to be nominated or elected on the no-party ballot. The statutes relating to the no-party ballot contained no provision for the filling of a vacancy upon such ballot. This was recognized by the legislative assembly in 1931 when it provided for the filling of vacancies on the no-party ballot as to county officers, but it made no provision for filling vacancies as to any office other than county offices. Chapter 137, Laws 1931, amended by chap 138, Laws 1939. If § 977, Comp. Laws 1913 had been applicable to the no-party ballot, then no reason would have existed for the enactment of chapter 137, Laws 1931.

There being no provision in our laws for the filing of a petition for nomination, such as is sought to be filed here, it necessarily follows that the respondent, secretary of state, was correct in refusing to accept the petition and certify the name of the relator as a candidate upon the no-party ballot at the general election.

Judgment affirmed.

MORRIS, Ch. J., and CHRISTIANSON, BURR, NUESSLE and BURKE, JJ., concur.